Randall B. Christison (SBN 56729)
707 Broadway, Suite 1800
San Diego, CA 92101-5314
619.233.3200
randychristison@yahoo.com

Stephen G. Recordon (SBN 91401)
RECORDON & RECORDON
225 Broadway, Suite 1900
San Diego, CA 92101
619.232.1717
sgrecordon@aol.com

Clinton J. Rooney (SBN 221628)
ROONEY & LICKEL
1102 Cesar E. Chavez Pkwy
San Diego, CA 92113
619.573.9547
clintoncdi@gmail.com

FILED
09 OCT 13 PM 2:34
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PATRICIA ROSSELL,

 Plaintiff,

v.

UNITED COLLECTIONS BUREAU, INC., AN OHIO CORPORATION,

 Defendant.

CASE NO. 09 CV 2256 L RBB

COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT and FOR RELATED STATE LAW CLAIMS

JURY TRIAL DEMANDED

## JURISDICTION AND VENUE

1.  This is a claim for damages arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA), the California Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), and out of the invasions of Plaintiff's personal and financial privacy by this

1

Defendant and its employees and agents. These acts were part of the Defendant's illegal efforts to collect a consumer debt from Plaintiff. This court has jurisdiction by reason of 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and by reason of 28 U.S.C. § 1367 for supplemental state law claims.

2. Venue is proper in this District in that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Supplemental jurisdiction is appropriate in that the action for illegal debt collection practices alleged in Count One arising under FDCPA is so related to the action for violation of the California Rosenthal Act, California Civil Code §§ 1788-1788.32, alleged in Count Two, and the invasion of privacy claim alleged in Count Three, as to form part of the same case or controversy under Article III of the United States Constitution. Neither the Rosenthal Act claim in Count Two nor the invasion of privacy claim in Count Three raises novel or complex issues of state law, or substantially predominates over the FDCPA claim in Count One. No other compelling reasons exist for the court to decline jurisdiction over the Rosenthal Act claim alleged in Count Two or the invasion of privacy claim in Count Three.

**PARTIES**

4. Plaintiff PATRICIA ROSSELL a natural person who resides in the City of San Diego, County of San Diego, State of California, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3), and is a person affected by a violation of the FDCPA with standing to bring a claim under 15 U.S.C. § 1692k and California Civil Code § 1788.30.

5. Defendant UNITED COLLECTIONS BUREAU, INC. [UCB], is an Ohio corporation and a collection agency operating from an address of 5620 Southwyck Boulevard, Toledo, Ohio 43614, does business in California, and is a debt collector as that term is defined by 15 U.S.C. §§ 1692a(2) and California Civil Code § 1788.2.

## FACTUAL ALLEGATIONS

6. On or around 2002 or 2003, Plaintiff incurred a financial obligation with Verizon Wireless that was primarily for personal, family or household purposes, in an amount claimed to be less than $300.00. It is therefore a debt as that term is defined by 15 U.S.C. § 1692a(5) and California Civil Code § 1788.2.

7. Sometime later, the debt was sold, assigned, placed, or otherwise transferred to Defendant for collection from this Plaintiff.

### *November 14, 2008, Agreement*

8. Plaintiff entered into an oral agreement with Defendant UCB to pay a bill in three installments, each to be withdrawn on specified dates: the first, November 28, 2008, for $193.42, and the second and third, for $96.71 each, on December 12 and December 26, 2008.

9. Defendant UCB, the agreement notwithstanding, made or attempted to make the first withdrawal on November 21. This breach of the agreement resulted in a $33.00 overdraft fee imposed on Plaintiff's account.

10. These communications constituted acceptance of a payment postdated more than five days. UCB failed to notify Plaintiff in writing of any intent to collect on such postdated payment. UCB also failed to carry through with this agreement and deposited or attempted to deposit the payment prior to the date agreed upon. These acts were in violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(10), 1692f, 1692f(1), and 1692f(2) and 1692f(4), and the Rosenthal Act, California Civil Code §§ 1788.10, 1788.11, and 1788.13, among others.

COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FDCPA & RELATED STATE LAW CLAIMS

*November 25-27 Telephone Calls*

11. Defendant UCB and its employees and agents began a campaign of telephone calls, the first calls made in the afternoon of November 25, 2008. The first calls were made to her at her place of employment. Plaintiff informed UCB's employee or agent that employees at Plaintiff's workplace cannot receive calls at work. In spite of this information, UCB's employees or agents continued in making repeated calls to Plaintiff at her workplace.

12. UCB's employees and agents made three telephone calls in succession on November 25, and two more on the 26th, all to her workplace. Then on November 27th–Thanksgiving Day–UCB's employees and agents called Plaintiff's home, demanding a return call on that day.

13. These telephone calls were harassing, oppressive, demeaning, and abusive both in their content and their frequency. Further, the call and the demand for a return call on Thanksgiving Day both constitute communications at unusual and inconvenient times.

14. In none of these telephone calls did the UCB's employees and agents make the required disclosure that this was a debt collection effort from a debt collector and the information gained is for that purpose.

15. UCB's employees and agents made telephone calls wherein Plaintiff was told that she must make a payment right away or "you will be sued."

16. These calls are communications in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). These communications was in violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692d, 1692d(2), 1692d(5), 1692e, 1692e(5), 1692e(10), 1692e(11), 1692f, and the Rosenthal Act, California Civil Code §§ 1788.10, 1788.11, and 1788.13, among others.

### *December 2008 Collection Calls*

17. Beginning the week following Thanksgiving, UCB's employees and agents made numerous and consecutive calls to with the intent to annoy, abuse and harass Plaintiff. Further, many of these calls were made to Plaintiff's workplace even though UCB's employees and agents were told Plaintiff could not receive calls at her workplace. In these calls, UCB's employees and agents demanded that they be put in contact with Plaintiff's human resources department even though collectors may not threaten to communicate to third parties with regard to a consumer debt. In these telephone calls, UCB's employees and agents made numerous threatening and abusive comments to Plaintiff.

18. In addition to the telephone calls made to Plaintiff's workplace, UCB's employees and agents made numerous telephone calls to Plaintiff at her home, leaving recorded messages, which communications foreseeably resulted in communications to young children, and which were made both in frequency and content, with the intent to annoy, abuse and harass Plaintiff.

19. In these telephone calls, UCB's employees and agents stated or implied on a number of occasions that Plaintiff was to pay or be sued. No such lawsuit was filed or intended to be filed.

20. These calls are communications in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). The communications were in violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(b), 1692d, 1692d(2), 1692d(5), 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(10), 1692e(11), 1692f, and 1692f(1), and the Rosenthal Act, California Civil Code §§ 1788.10, 1788.11, and 1788.13, among others.

COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FDCPA & RELATED STATE LAW CLAIMS

*Summary*

21. All of the above-described collection communications made to Plaintiff by Defendant UCB and its employees and agents, were made in violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d, 1692d(2), 1692d(5), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(2), and 1692f(4), and the Rosenthal Act, California Civil Code §§ 1788.10, 1788.11, and 1788.13, among others.

22. During their collection communications, Defendant UCB and its employees and agents, failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous provisions of the FDCPA, including but not limited to the provisions listed in Paragraph 21, and the Rosenthal Act, California Civil Code §§ 1788.10, 1788.11, and 1788.13, among others.

23. The above-detailed conduct by Defendant UCB and its employees and agents in harassing Plaintiff in an effort to collect this debt was a violation of numerous provisions of the FDCPA, including but not limited to all of the above-mentioned provisions of the FDCPA, and also an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to this Plaintiff.

24. Defendant UCB and its employees and agents committed these acts with the intent to frighten, intimidate, humiliate and disgrace plaintiff, and to inflict pain and mental anguish on plaintiff, all in an attempt to coerce plaintiff to pay the amounts, irrespective of their legal validity.

25. Defendant UCB and its employees and agents committed these acts which were done and performed wantonly, willfully, and maliciously, and in disregard of Plaintiff's rights.

COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FDCPA & RELATED STATE LAW CLAIMS

### *Damages*

26. These abusive actions by Defendant UCB and its employees and agents have caused: fear at answering the phone, bad headaches, stress, loss of work, interference with societal and familial relationships, inability to work and reduced ability to work, loss of sleep, nausea, depression, especially any calls from 419 area code, and have made her physically ill.

27. Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, among other negative emotions, and also suffering from unjustified and abusive invasions of personal privacy.

### *Respondeat Superior Liability*

28. The acts and omissions of Defendant's employees and agents employed by Defendant UNITED COLLECTIONS BUREAU, INC., and each of them, were committed within the course and scope of their employment of their employer Defendant United Collections Bureau, Inc., or of their actual or apparent authority from their principal, Defendant UNITED COLLECTIONS BUREAU, INC.

29. Defendant UNITED COLLECTIONS BUREAU, INC., authorized or approved the acts and omissions by UCB's employees and agents and each of them, in advance.

30. Defendant UNITED COLLECTIONS BUREAU, INC., ratified the acts and omissions committed by UCB's employees and agents and each of them.

31. Defendant UNITED COLLECTIONS BUREAU, INC., is therefore liable to Plaintiff through the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agents and employees.

COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FDCPA & RELATED STATE LAW CLAIMS

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Constitution, amend. 7; Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

33. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant UCB and its employees and agents constitute numerous violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

35. As a result of these violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT II.

### VIOLATIONS OF THE CALIFORNIA ROSENTHAL ACT

### California Civil Code §§ 1788-1788.33

36. Plaintiff incorporates by reference paragraphs 1- 35 of this Complaint.

37. This acts and omissions of Defendant UCB and its employees and agents constitute numerous violations of the California Rosenthal Act, including, but not limited to, each and

every one of the above-cited provisions of the Rosenthal Act, California Civil Code §§ 1788-1788.33, with respect to Plaintiff. Further, these acts were done willfully and knowingly in violation of the Rosenthal Act.

38. As a result of these violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code § 1788.30(a), statutory damages in an amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b), and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c).

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

39. Plaintiff incorporates by reference paragraphs 1- 38 of this Complaint.

40. The acts and omissions committed by Defendant UCB and its employees and agents, and committed without plaintiff's consent, violated plaintiff's right of privacy, subjected her to harassment and intimidation, and violated her seclusion, solitude, and private affairs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and pursuant to California Civil Code § 1788.30(a), against Defendant and for Plaintiff;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant and for Plaintiff;

3. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against Defendant and for Plaintiff;

4. An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and pursuant to California Civil Code § 1788.30(c), against Defendant.

5. An award of actual damages from Defendant for the emotional distress suffered as a result of the intentional and negligent FDCPA violations and intentional and negligent invasions of privacy in an amount to be determined at trial;

6. Costs of suit; and

7. And such other and further relief as to this court may seem just and proper.

Respectfully submitted,

Dated: October 13, 2009

RANDALL B. CHRISTISON,
RECORDON & RECORDON, and
ROONEY & LICKEL

By: /s/ Randall B. Christison

Randall B. Christison
Lead Attorney
Attorneys for Plaintiff PATRICIA ROSSELL

COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FDCPA & RELATED STATE LAW CLAIMS

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Patricia Rossell

**DEFENDANTS**
United Collections Bureau, Inc., an Ohio Corporation,

FILED
OCT 13 PM 2:34
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

(b) County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Randall B. Christison, 707 Broadway, Suite 1800, San Diego, CA 92101-5314

Attorneys (If Known)
'09 CV 2256 L RBB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability |  / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692
Brief description of cause:
Damages for Violation of the Fair Debt Collection Practices Act and for Related State Law Claims

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 10/13/2009
SIGNATURE OF ATTORNEY OF RECORD: s/ Randall B. Christison

**FOR OFFICE USE ONLY**
RECEIPT # 6170   AMOUNT 350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

CP   MS   10/13/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS006170
Cashier ID: msweaney
Transaction Date: 10/13/2009
Payer Name: LO OF RECORDON AND RECORDON
----------------------------------
CIVIL FILING FEE
  For: ROSSELL V COLLECTIONS BUREAU
  Case/Party: D-CAS-3-09-CV-002256-001
  Amount:         $350.00
----------------------------------
CHECK
  Check/Money Order Num: 10109
  Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.
```